UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CAROL B. DUNNAM                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:15CV235-RHW

CAROLYN W. COLVIN
Commissioner of Social Security                                              DEFENDANT

## MEMORANDUM OPINION & ORDER

Plaintiff Carol B. Dunnam filed the instant lawsuit pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security. Doc. [1]. Dunnam was 46 years old at the time of the Administrative Law Judge's decision. Doc. [10] at 20, 166. She has an eleventh grade education and past relevant work experience as a convenience store cashier. *Id.* at 23, 185. Dunnam alleges disability resulting from a twisted back, thyroid problems, hearing voices, and anxiety. *Id.* at 184. The Commissioner denied Dunnam's application for disability initially and on reconsideration. She requested and was granted a hearing before an ALJ, who issued a decision on January 28, 2015, finding that Dunnam was not disabled. *Id.* at 17-24, 29-48. The Appeals Council denied Dunnam's request for review. *Id.* at 4-9.

In her brief to this Court, Dunnam raises only one issue: whether the ALJ committed error by failing to assign adequate weight to Julie Trice, a Family Psychiatric Mental Health Nurse Practitioner. Doc. [12]. The Commissioner has filed a motion to affirm the decision of the Commissioner. Doc. [14]. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings. Doc. [11] & [13].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA)

utilizes a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a), § 404.920(a).  Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work.  *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step.  *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987).  Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy.  The burden then shifts back to the claimant to establish that he cannot perform this alternative employment.  *Id*.

Dunnam argues that the ALJ did not give adequate weight to Nurse Practitioner Trice's opinion regarding the effects of Dunnam's mental health conditions on her residual functional capacity (RFC).  A nurse practitioner is not considered an acceptable medical source under the Social Security regulations.  *See* 20 C.F.R. §§ 404.1513 & 416.913(a).  However, a nurse practitioner falls under the category of other acceptable medical sources pursuant to §416.913(d).

Nurse Trice completed a mental RFC questionnaire on October 2, 2013, relating to Dunnam's mental limitations.  Doc. [10] at 301-02.  Nurse Trice concluded that Dunnam had a marked degree of difficulty maintaining social functioning and a moderate restriction on her activities of daily living.  Nurse Trice also found that Dunnam had constant deficiencies of

concentration, persistence or pace resulting in a failure to complete tasks in a timely and appropriate manner.  According to Nurse Trice, Plaintiff would have four or more episodes of decompensation in a work setting which would cause her to withdraw from the situation or experience signs and symptoms for a period lasting at least two weeks.  Nurse Trice also opined that Dunnam has a marked limitation in her ability to understand, carry out, and remember instructions and respond appropriately to co-workers.  Dunnam has an extreme limitation in her ability to respond appropriately to customary work pressures, perform repetitive tasks, and complete work related activities in a normal work day or work week.  The side effects of Dunnam's medication cause her to experience sedation, greater risk for tardiness, greater risk of musculoskeletal problems, anxiety, agitation, and hearing voices.

      The ALJ determined that Dunnam had severe impairments of anxiety disorder and schizophrenic disorder.  Doc. [10] at 19.  In assessing Dunnam's RFC, the ALJ concluded that Dunnam is capable of performing a full range of work at all exertional levels.  *Id.* at 19-20.  However, the ALJ took into account Dunnam's psychologically related limitations and assigned additional nonexertional limitations.  *Id.* at 20.  Specifically, the ALJ found that Dunnam is limited to the performance of simple, routine and repetitive tasks with occasional interaction with the public, coworkers and supervisors.  *Id.*

      In assessing Dunnam's RFC, the ALJ considered Nurse Trice's opinion but did not give it significant weight because he was unaware of Nurse Trice's qualifications; her treatment notes contained little more than Dunnam's subjective complaints and did not provide objective medical evidence in support of her assessment; and Nurse Trice's assessment was inconsistent with the findings of Dr. Martha D'Ilio.  *Id.* at 22.  The ALJ's RFC assessment with respect to mental

limitations is supported by substantial evidence in the medical record.  Specifically, the ALJ relied on the opinion of consultative psychologist Dr. D'Ilio, who did not think that Dunnam had any serious psychologically related limitations.  *Id.* at 21, 251-56.  The ALJ also relied on the opinion of state agency reviewing psychologist, Dr. Sharon Scates, who concluded that Dunnam presented with an anxiety disorder, but she did not have a severe impairment.  *Id.* at 21, 95-108.

In essence, Dunnam is requesting this Court to re-weigh the medical evidence and accord greater weight to the opinion of Nurse Trice than was accorded by the ALJ.  The ALJ was justified in according less weight to the opinion of the nurse practitioner than to the opinion of the consulting and reviewing psychologists.  *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991)(recognizing that the regulations accord less weight to other sources such as chiropractors); *Thibodeaux v. Astrue*, 324 Fed. App'x 440, 445 (5th Cir. 2009)(same with respect to therapists). The ALJ explicitly considered Nurse Trice's opinion but gave it less weight and provided reasons for the weight assigned.  *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988)("it is, of course, for the [Commissioner] to decide what weight to accord various medical reports.").  The Court finds that the Commissioner's decision should be affirmed, because the ALJ applied the proper legal standards in assessing Nurse Trice's opinion and because substantial evidence supports the ALJ's conclusions.

IT IS THEREFORE ORDERED AND ADJUDGED that the Commissioner's [14] Motion to Affirm is GRANTED.

SO ORDERED, this the 31st day of August, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE